**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AZALIA LATIMER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EQUIFAX INFORMATION SERVICES, LLC,**<br><br>**Defendant.** | **Case No.:**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Azalia Latimer, by and through the undersigned counsel, complains, states, and alleges against defendant Equifax Information Services, LLC, as follows:

## INTRODUCTION

1. This is an action for damages brought by Plaintiff against Defendant Equifax Information Services, LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

2. Congress enacted the FCRA based on a finding that "the banking system is dependent upon fair and accurate credit reporting," and that "consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681(a).

3. Congress further found that "there is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

4. Among the rights Congress created for consumers is the right to obtain a clear and accurate disclosure of all information contained in the consumer's file, so that the consumer may

verify its accuracy and completeness. 15 U.S.C. § 1681g(a)(1).

## JURISDICTION AND VENUE

5. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. This Court has personal jurisdiction over Equifax because Equifax is registered to conduct business in, and regularly conducts business within, the Commonwealth of Pennsylvania, and because the conduct complained of herein occurred within this Commonwealth.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District, and Plaintiff resides within this District.

## PARTIES

8. Plaintiff Azalia Latimer ("Plaintiff") is a natural person who is a citizen of the Commonwealth of Pennsylvania, residing in Philadelphia County, Pennsylvania.

9. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

10. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company, with a principal business address of 1550 Peachtree St NW, Atlanta, GA 30309.

11. Equifax is registered to conduct business in the Commonwealth of Pennsylvania, where its registered agent is Corporation Service Company, 5235 North Front Street, Harrisburg, PA 17110.

12. Equifax is a nationwide "Consumer Reporting Agency" ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative

nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Plaintiff's August 2026 Consumer Disclosure

13. On or about August 4, 2026, Equifax furnished Plaintiff with a copy of her consumer credit disclosure, identified by Confirmation No. 6216587133 (the "Disclosure").

14. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, Equifax was required to clearly and accurately disclose to Plaintiff all information in her file at the time of the request.

### Equifax's Disclosure Was Not Complete, Clear, or Accurate

### Missing Original Creditor

15. Equifax's Disclosure listed six tradelines reported by debt buyers: PORTFOLIO RECOVERY ASSOC account number ending 0202, with a reported balance of $775; JEFFERSON CAPITAL LLC account numbers ending 5087, 6647, 7224, and 3045, with reported balances of $1,080, $4,954, $3,064, and $348, respectively; and LVNV FUNDING LLC account number ending 9260, with a reported balance of $700 (collectively, the "Debt Buyer Accounts"). **See Exhibit A.**

16. Equifax's own Disclosure classified each of the Debt Buyer Accounts as a "Debt Buyer Account."

17. Portfolio Recovery Associates and Jefferson Capital LLC and LVNV Funding

LLC are debt buyers — companies whose business is purchasing and collecting debts originally owed to third parties. None of them is ever an Original Creditor.

18. Despite classifying each of the Debt Buyer Accounts as a debt buyer account, Equifax's Disclosure omitted any Original Creditor name for any of the six accounts.

19. Equifax's Disclosure demonstrates its capability to disclose an Original Creditor when the information is populated into its system: elsewhere in Plaintiff's file, in the Collections section, Equifax identified "GEICO GENERAL IN CO" as the Original Creditor for a Credit Collections tradeline.

20. Equifax's failure to identify the Original Creditor for the Debt Buyer Accounts, while disclosing that information for another tradeline in the same file, demonstrates that Equifax had the capacity to comply with 15 U.S.C. § 1681g(a) but failed to do so as to the Debt Buyer Accounts.

**Missing Account Status and Full Account Numbers**

21. Equifax's Disclosure left the "Status" field blank for each of the Debt Buyer Accounts, despite reporting a current balance and monthly derogatory payment history codes ("C" — Collection Account) for each. **See Exhibit A.**

22. A consumer reviewing the Debt Buyer Accounts cannot determine, from Equifax's Disclosure, whether the accounts are open, closed, disputed and resolved, or otherwise currently postured, because Equifax provided no account status designation for any of them.

23. Equifax's Disclosure also omitted the full account numbers for the Debt Buyer Accounts, disclosing only truncated numbers ending in 0202, 5087, 6647, 7224, 3045, and 9260, respectively.

24. Upon information and belief, Portfolio Recovery Associates, Jefferson Capital

LLC, and LVNV Funding LLC each reported full account numbers to Equifax, and this information was contained in Equifax's file on Plaintiff at the time of her request.

25. The omission of the Original Creditor, full account number, and account status for the Debt Buyer Accounts left Plaintiff unable to identify, research, or verify the true nature, origin, and status of these tradelines against her own records.

26. The failure to disclose all such information violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. See Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019).

27. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact sufficient for Article III standing. See Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982).

28. The Credit Reporting Resource Guide, published by the Consumer Data Industry Association ("CDIA"), a trade association representing CRAs including Equifax, states that the purpose of reporting the original creditor name is to help consumers identify the source of accounts appearing on their credit reports, and that without it, consumers may not know what the accounts represent.

29. Pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), a CRA that scrambles or truncates account numbers does not technically comply with Section 609 of the FCRA because it fails to provide "accurate" and "clear" disclosure of "all information" in the file.

30. Equifax's omission of the Original Creditor, account status, and full account numbers for the Debt Buyer Accounts greatly decreased Plaintiff's ability to understand her consumer credit disclosure, identify the accounts, and compare them against her own records,

causing her frustration and emotional distress.

31. Plaintiff has hired the undersigned counsel to represent her in this matter and has assigned to counsel her right to obtain reimbursement for reasonable fees and costs.

## FIRST COUNT
## Violation of 15 U.S.C. § 1681g(a)(1) (Willful)

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

34. Equifax is a "consumer reporting agency" within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

35. Pursuant to 15 U.S.C. § 1681g(a)(1), Equifax was required to clearly and accurately disclose to Plaintiff all information in her file at the time of her request.

36. Equifax willfully failed to clearly and accurately disclose the Debt Buyer Accounts by omitting the Original Creditor, account status, and full account numbers for each, despite reporting that same information for another tradeline within the same Disclosure.

37. Equifax's disparate treatment of substantially similar debt-related tradelines demonstrates that Equifax knowingly or recklessly disregarded its statutory obligations under 15 U.S.C. § 1681g(a)(1).

38. As a direct and proximate result of Equifax's willful violation of the FCRA, Plaintiff suffered damages, including frustration and difficulty verifying the accuracy of her credit file.

39. Equifax is liable to Plaintiff pursuant to 15 U.S.C. § 1681n for the greater of Plaintiff's actual damages and statutory damages of up to $1,000 per violation, plus punitive damages, attorneys' fees, and costs.

## SECOND COUNT
## Violation of 15 U.S.C. § 1681g(a)(1) (Negligent)

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41. Pursuant to 15 U.S.C. § 1681g(a)(1), Equifax was required to clearly and accurately disclose to Plaintiff all information in her file at the time of her request.

42. Equifax negligently failed to clearly and accurately disclose the Debt Buyer Accounts by omitting the Original Creditor, account status, and full account numbers for each.

43. As a direct and proximate result of Equifax's negligent violation of the FCRA, Plaintiff suffered damages, including frustration and difficulty verifying the accuracy of her credit file.

44. Equifax is liable to Plaintiff pursuant to 15 U.S.C. § 1681o for Plaintiff's actual damages, attorneys' fees, and costs.

## JURY DEMAND

45. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

a. Finding that Equifax's actions violate the FCRA; and

b. Awarding Plaintiff, the greater of her actual damages and statutory damages of up to $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A); and

c. Awarding Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and

d. Awarding Plaintiff, her actual damages pursuant to 15 U.S.C. § 1681o(a)(1); and

e. Awarding Plaintiff's reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

f. Awarding pre-judgment and post-judgment interest to Plaintiff; and

g. Such other and further relief that the Court determines is just and proper.

Dated: October 28, 2026

Respectfully Submitted,

*/s/ Antranig Garibian*

**Antranig Garibian, Esquire**
Garibian Law Offices, P.C.
261 Old York Road, Unit 427
Jenkintown, PA 19046
*Counsel for Plaintiff Azalia Latimer*